UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. MESHBERGER | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CASE NO.: 1:24-cv-371-HAB-SLC |
| | ) |
| TRACY WRIGHT and S&L | ) |
| ENTERPRISES I, LLC | ) |
| | ) |
|    Defendants, | ) |
| | ) |

**OPINION AND ORDER**

Plaintiff, James Meshberger, proceeding pro se, sues Defendants under theories of fraudulent concealment and conversion after Defendants "confiscated" various properties located in Fort Wayne, IN. (ECF No. 1). Defendants moved to dismiss this cause of action asserting, among other things, that Plaintiff's Complaint fails to establish subject matter jurisdiction. (ECF No. 5). Shortly after, Plaintiff moved to remove Defendants' counsel in light of an alleged conflict of interest. (ECF No. 7). Yet before reaching the merits of those motions (ECF No. 5, 7), this Court must first assure itself that it has jurisdiction to adjudicate the dispute. And this Court cannot make that determination based on Plaintiff's Complaint (ECF No. 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's Complaint is deficient, but the Court will allow Plaintiff an opportunity to properly plead subject matter jurisdiction.

"[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke federal jurisdiction

bears the burden of demonstrating that the requirements for subject matter jurisdiction are met. *See Smart v. Loc. 72 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Thus, to proceed in federal court here, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003). Plaintiff's Complaint (ECF No. 1) does not state a claim under any federal law. Nor does Plaintiff's right to relief in this case hinge on the resolution of a substantial question of federal law. Rather, Plaintiff's claims for fraudulent concealment and conversion derive exclusively from Indiana state law.

A fair and liberal reading of the Complaint's allegation reveals that Plaintiff only has state-law claims against Defendants. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. So, for this Court to have jurisdiction over Plaintiff's state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, Plaintiff must establish that each defendant is a citizen of a state different from Plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000.

Plaintiff's requested relief well exceeds $75,000, but the Court cannot glean the citizenship of the parties from Plaintiff's Complaint (ECF No. 1). In order to bear his burden of demonstrating federal jurisdiction, Plaintiff must address the citizenship of each of the parties. *See Kallembach v. Amcore Bank, N.A.,* 2002 WL 31018360, *7 (N.D. Ill. Sept. 10, 2002) ("In a diversity case…the complaint must allege the citizenship of the parties and the amount in controversy. *Hemmings v. Barian,* 822 F.2d 688, 693 (7th Cir. 1987)."). Plaintiff's Complaint does not assert the citizenship of either Defendant or Plaintiff.

An individual's citizenship—such as Defendant Tracy Wright and Plaintiff—is determined by domicile, meaning "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("'Citizenship' for purposes of § 1332 means domicile rather than residence"). In the Seventh Circuit, domicile is defined as the state where a person is physically present "with the intent to remain there" and, "by some objective act," the person has shown "his intention to maintain the residency indefinitely."[1] *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). An individual can only have one domicile at a time. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914). Such rules would apply when determining the citizenship of Defendant Tracy Wright or Plaintiff himself.

Determining citizenship for a business entity differs from that of an individual and entities can have multiple domiciles. The citizenship of a limited liability company ("LLC")—such as Defendant S&L Enterprises I, LLC ("S&L Enterprises")—"for the purposes of…diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.

---

[1] Domicile is also defined by the Seventh Circuit as "a person's legal home, the permanent residence of a person or the place to which he [or she] intends to return even though he [or she] may actually reside elsewhere." *Koch v. Koch,* 450 F.3d 703, 712 n. 7 (7th Cir. 2006)

1998). Plaintiff must therefore advise the Court of the identity and citizenship of *each* member of an LLC for the purposes of diversity jurisdiction. *See, e.g., Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for the diversity jurisdiction purposes). In turn, for any member who is an unincorporated association such as a LLC or partnership, Plaintiff must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).[2] These standards would apply when determining the citizenship of Defendant S&L Enterprises.

Having pointed out the jurisdictional deficiencies in Plaintiff's Complaint, the court will afford Plaintiff twenty (20) days from the date of this Order to file a supplemental jurisdictional statement that adequately articulates each party's citizenship and establishes complete diversity. The Court further cautions that if Plaintiff fails to comply with this Order, it will dismiss this case without further notice. Fed. R. Civ. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For these reasons, the Court:

(1) AFFORDS Plaintiff twenty (20) days from the date of this Order to file a supplemental jurisdictional statement that adequately articulates each party's citizenship and establishes complete diversity;

---

[2] Further, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg. LLC*, No. 04 C 5425, 2004 U.S. Dist. LEXIS 21738, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

(2) TAKES Defendants' Motion to Dismiss (ECF No. 5) and Plaintiff's Motion to Remove Opposing Counsel (ECF No. 7) under advisement pending Plaintiff's compliance with this Order; and

(3) CAUTIONS Plaintiff that if he does not file a supplemental jurisdictional which establishes complete diversity of citizenship within twenty (20) days, the Court will dismiss this case without further notice.

SO ORDERED on October 23, 2024.

                                  s/ Holly A. Brady
                                  CHIEF JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT