UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. MESHBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:24-cv-00371-HAB-SLC |
| ) | |
| TRACY WRIGHT, ) | |
| *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

In the underlying action associated with this motion, pro se Plaintiff James L. Meshberger alleges claims of fraudulent concealment and conversion against Tracy Wright and S&L Enterprises I, LLC ("Defendants"). (ECF 1). On September 30, 2024, Meshberger filed a motion to this Court requesting that Defendants' opposing counsel, Jared Baker, be disqualified due to a purported conflict of interest between Meshberger and Baker. (ECF 7). Defendants timely filed a memorandum in opposition to Meshberger's motion on October 11, 2024. (ECF 9). For the following reasons, Meshberger's motion to remove Baker as counsel for Defendants will be DENIED.

**A. Factual Background**

On August 30, 2024, Meshberger filed this case against Defendants claiming they committed fraudulent concealment and conversion when Meshberger purchased certain residential properties from Defendants. (ECF 1). Meshberger's motion states that there is a conflict of interest because Meshberger was the trustee and consultant to Defendant Wright from January 2020 to January 2022 and that Baker was hired by Wright to "perform certain duties and tasks where [Baker] worked closely with the Plaintiff and Defendant . . . in closing out two estates . . . ." (ECF 7 ¶¶ 3-4, 6). Defendants responded, noting that Meshberger was a trustee of Defendant

1

Wright's parents' trusts and was a consultant to Defendant Wright. (ECF 9 at 1-2). As Meshberger sees it, Baker's representation of Defendants is a violation of the Indiana Rules of Professional Conduct, Rule 1.7 (conflicts of interest: current clients) and Rule 1.9 (conflicts of interest: former clients). (ECF 7 ¶¶ 5, 7-8). Specifically, Meshberger contends that Rules 1.7 and 1.9 are violated because Baker worked closely with both the Plaintiff and the Defendant, without any screening in this matter. (*Id*. ¶¶ 6, 8).

### B. Legal Framework

The Northern District of Indiana follows the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct—pursuant to Local Rule 83-5(e)—as the standards of professional conduct in this Court. *See* N.D. Ind. L.R. 83-5(e); *see also Rogers v. Indiana Supreme Ct.*, No. 116CV00364TLSSLC, 2017 WL 894477, at *2 (N.D. Ind. Mar. 7, 2017) (discussing the standards of professional conduct in the Northern District of Indiana). Relevant to Meshberger's motion are Indiana Rules of Professional Conduct 1.7 (conflicts of interest: current clients) and 1.9 (conflicts of interest: former clients). This Court has previously restated the Seventh Circuit's stance on the disqualification of an attorney, as follows:

> The disqualification of an attorney is a drastic measure which courts should hesitate to impose except when absolutely necessary. Accordingly, motions to disqualify are treated with extreme caution. Caution is warranted both because disqualification motions can be misused as techniques of harassment, and because the consequences of disqualification are so grave—destroying a relationship by depriving a party of representation of their own choosing. The moving party bears the burden of concretely establishing the necessity of disqualification.

*Rogers*, 2017 WL 894477, at *2 (brackets, citations, and quotation marks omitted). Further, "[t]he general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 891 (S.D. Ind. 2014) (citing *In re Yarn*

2

*Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases)); *see also Rogers*, 2017 WL 894477, at *2 ("Although the rule is not absolute, 'courts in this circuit have made clear that the interests protected by Rule 1.7 are the crux of the standing issue.'" (quoting *Mills,* 992 F. Supp. 2d at 892)). The "proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that [Rule 1.7] was intended to protect—the client or the former client." *Rogers,* 2017 WL 894477, at *2 (quoting *Tizes v. Curico*, 1997 WL 116797, at *2 (N.D.Ill. Mar. 12, 1997)).

### C. Discussion

Rule 1.7(a) provides in relevant part:

> [a] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Ind. Rule of Professional Conduct 1.7. Comment 9 of Rule 1.7 states "[i]n addition to conflicts with other current clients, a lawyer's duties of loyalty and independence may be materially limited by responsibilities to former clients under Rule 1.9 or by the lawyer's responsibilities to other persons, such as fiduciary duties arising from a lawyer's service as a trustee . . . ." *Id.* cmt. 9. Comment 9 of Rule 1.7 makes clear that a trustee relationship can create a conflict of interest, however, in such a case, the attorney is acting as a trustee. *Id*.

Meshberger does not make entirely clear to the Court whether he was trustee to Defendant Wright's trust or Defendant Wright's parents' trust, yet that issue is a peripheral matter, as it appears clear to the Court that a conflict of interest does not exist. Meshberger does

3

not attest that a fiduciary duty was owed to Meshberger when Baker acted as counsel in a previous matter related to Defendant Wright. More precisely, nowhere in Meshberger's motion is there a claim that Baker advised Meshberger as an attorney or held any fiduciary responsibility to Meshberger. *See* Ind. Rule of Professional Conduct 1.7 cmt. 9.

Here, Meshberger avers that Baker worked *with* both Plaintiff and Defendant Wright for over a two-year period. (ECF 7 ¶2). Yet, the purported working dynamic between Baker and Meshberger does not produce fiduciary duties as contemplated under Rule 1.7. *See cf. Rogers v. Off. of the Att'y Gen.,* No. 1:16-CV-00429-RL-MGG, 2017 WL 655859, at *3 (N.D. Ind. Feb. 17, 2017) (opining that a fiduciary duty may arise where the attorney serves as a trustee). Baker has not served as a trustee to Meshberger or created an attorney-client relationship with Meshberger—implicating fiduciary duties that the Indiana Rules of Professional Conduct envisage. Contrarily, Meshberger served as a trustee to certain trusts wherein Baker and Meshberger arguably held fiduciary duties to Defendant Wright. (ECF 9 at 1-2). Given the lack of standing, Meshberger's claim that Baker violated Rule 1.7 fails.

Meshberger's argument under Rule 1.9 does not fare any better. In relevant part Rule 1.9(a) states the following:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Ind. Rule of Professional Conduct 1.9(a). Meshberger never asserts that Baker and Meshberger held an attorney-client relationship as intended through the use of the word "client"[1] in Rule 1.9.

---

[1] "An attorney-client relationship only exists after both the attorney and client have consented to its formation. *Matter of Anonymous*, 655 N.E.2d 67, 70 (Ind.1995). Attorney-client relationships are formed when a person seeks legal advice or assistance, when the advice pertains to the attorney's professional competence, and when the attorney gives the desired advice. *Id.*" *McClain v. T P Orthodontics*, No. 3:07-CV-113AS, 2008 WL 181292, at *2 (N.D. Ind. Jan. 17, 2008).

Since Baker never represented Meshberger, Rule 1.9 is not implicated. Accordingly, Meshberger's claim that Baker violated Rule 1.9 also fails.

### D.  Conclusion

For the foregoing reasons, Meshberger's "Motion to Remove Opposing Counsel Due To Conflict of Interest" (ECF 7) is DENIED.

SO ORDERED.

Entered this 6th day of November 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge